This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Bradley Smith, has appealed from the order of the Wayne County Court of Common Pleas that granted residential parent status to Appellee, Jane Smith. We reverse and remand.
Appellant and Appellee were married on May 4, 1995. Two children were born of the marriage, Erin, born May 5, 1995, and Laura, born August 19, 1996. On March 17, 1999, Appellant filed a complaint for divorce. Appellee answered and filed a counterclaim for divorce. Following a hearing before the magistrate, the magistrate issued his report and proposed decision. On the same date, the trial court entered a divorce decree. Both Appellant and Appellee filed timely objections to the magistrate's report, thereby staying the trial court's decision. On July 13, 2000, the trial court overruled the objections and adhered to its prior decision. Appellant timely appealed and has raised three assignments of error for review. For ease of review we have rearranged the assignments of error.
 ASSIGNMENT OF ERROR III The trial court abused its discretion and erred as a matter of law in designating Appellee residential parent without conducting the requisite analysis under [R.C. 3109.04(C)] where there has been an incident of domestic violence.
 In his third assignment of error, Appellant has argued that the trial court erred in designating Appellee the residential parent without stating its findings where Appellee has been convicted for domestic violence. We agree.
Pursuant to R.C. 3109.04(C):
 When the court allocates parental rights and responsibilities for the care of children or determines whether to grant shared parenting in any proceeding, it shall consider whether either parent has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the proceeding, has been convicted of or pleaded guilty to any other offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the proceeding and caused physical harm to the victim in the commission of the offense, or has been determined to be the perpetrator of the abusive act that is the basis of an adjudication that a child is an abused child. If the court determines that either parent has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the proceeding, has been convicted of or pleaded guilty to any other offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the proceeding and caused physical harm to the victim in the commission of the offense, or has been determined to be the perpetrator of the abusive act that is the basis of an adjudication that a child is an abused child, it may designate that parent as the residential parent and may issue a shared parenting decree or order only if it determines that it is in the best interest of the child to name that parent the residential parent or to issue a shared parenting decree or order and it makes specific written findings of fact to support its determination.
 The parties do not dispute that Appellee was convicted of domestic violence in violation of R.C. 2919.25. Therefore, before naming Appellee as the residential parent, the trial court was required to determine whether such placement was in the best interests of the children and make specific findings of fact to support its determination. This Court notes that while the magistrate has extensive factual findings with regard to this issue and states that it would be in the children's best interests to have Appellee designated as the residential parent, the trial court did not make any such findings as mandated by R.C. 3109.04(C).[1] Accordingly, Appellant's first assignment of error is sustained.[2]
In Appellant's first and second assignments of error, he has argued that the trial court erred in designating Appellee as the residential parent. Because this Court requires the trial court's findings in order to review the designation of the residential parent, this court cannot consider Appellant's first and second assignments of error at this time.
Appellant's first and second assignments of error are not considered, Appellant's third assignment of error is sustained. The matter is reversed and the cause is remanded to the trial court for further findings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
______________________________________ LYNN C. SLABY
BAIRD, P.J., CARR, J. CONCUR.
[1] This Court is certain that the trial court considered the domestic violence conviction and all of the circumstances surrounding the parties and the custodial issues since the trial court indicated that it reviewed and adhered to the magistrate's proposed decision. However, this Court notes that the trial court itself never mentioned the domestic violence conviction in its judgment and only briefly discussed the designation of Appellee as the residential parent.
[2] This Court expresses no opinion as to the propriety of the residential parent designation at this time.